## JONES v. GARLINGTON.

1. CORPORATE STOCK—WARRANTY—CONSIDERATION.—Stock in a corporation is an unnegotiable security, as to which there is no implied warranty. Therefore, an action on a promissory note given for the purchase of shares of such stock, in answer which pleads failure of consideration only, was properly held not to state facts sufficient to constitute a defence.

2. CALENDARS—JUDGMENT AFTER DEMURRER SUSTAINED.—In action on a liquidated money demand, with answer filed, the cause was properly docketed for trial on Calendar 1, and the answer having been adjudged insufficient under oral demurrer, judgment could then be rendered by the judge on Calendar 1 without testimony or verdict, but the defendant cannot complain if testimony is taken and verdict rendered.

Before FRASER, J., Spartanburg, July, 1894.

Action by W. M. Jones against J. C. Garlington on the following complaint:

The plaintiff, complaining of the defendant in the above stated case, alleges: 1. That heretofore the defendant executed to plaintiff his promissory note in writing, dated March 1, 1892, by which he bound himself to pay to plaintiff the sum of $500, with interest from March 1, 1892, at eight per cent. per annum, according to the terms of said note, a copy of which is as follows: "Spartanburg, S. C., March 1, 1892. For value received I promise to pay to Wm. M. Jones, or order, at Spartanburg, S. C., with interest from date at eight per cent. per annum, $500, as follows: $100 on or before May 1, 1892, and the balance on or before October 1, 1892. And in order to secure the payment of this note I have deposited with Wm. M. Jones, as collateral security, ten shares of Spartanburg Herald Publishing Company stock, Nos. 1 to 10, inclusive, being the same purchased by me from said Wm. M. Jones, and in part payment of which

this note is given. And in case the said sums, or either of them, are not paid at maturity, I hereby empower the said Wm. M. Jones to sell the said stock, publicly or privately, to the highest bidder, after ten days notice to me, and apply the same on the payment of this note, and pay over any surplus, if any, to me. ' (Signed) J. C. Garlington. Witness: (Signed) Geo. W. Nicholls." 2. That no part thereof has been paid except the sum of $192, received June 3, 1892, from sale of the stock deposited as collateral, sold to the highest bidder at public outcry, after due notice and advertisement of same. 3. That there remains due and unpaid thereon the sum of $326.48, with interest thereon from October 1, 1892, at eight per cent. per annum. Wherefore, plaintiff demands judgment against the defendant for the sum of $326.48, with interest thereon from October 1, 1892, and for the costs and disbursements of this action.

The answer was as follows: The defendant, answering the complaint herein: 1. Admits the allegations of paragraph 1 of said complaint. 2. Admits that no payment has been made on said note by this defendant. 3. Further answering said complaint, defendant says: That a short while before the giving of the note set out in the complaint, the plaintiff contracted to sell to the defendant ten shares of stock in the Spartanburg Herald Publishing Company, and this defendant paid him on account thereof the sum of $500, and at the time stated in the complaint executed the note therein set out. 4. That at the time when said note was given, the said ten shares of stock were not worth, and have never at any time since been worth, more than the sum paid the plaintiff therefor, to wit: $500, if so much as that; and defendant alleges that said note was not given for value received, but was, and has ever since been, without consideration. 5. That about the 3d of June, 1892, the plaintiff sold the same stock hereinbefore referred to at auction, and himself became the purchaser, at $192. 6. That for the reasons stated hereinbefore, and because the consideration of said note has entirely failed, this defendant does not owe the plaintiff any sum whatever thereon, but that he has paid the plaintiff more than the

value of said property bought.   Wherefore, defendant demands judgment, that the complaint be dismissed with costs.

*Messrs. Bomar & Simpson,* for appellant.

*Messrs. Duncan & Sanders* and *Geo. W. Nicholls,* contra.

September 7, 1895. The opinion of the court was delivered by

MR. JUSTICE GARY.   For a proper understanding of this case, it will be necessary to set forth the plaintiff's complaint in the report of the case..   The defendant set up in his answer to the said complaint the defence of a failure of consideration. The cause was heard by his honor, Judge Fraser, and when the pleadings were read, the plaintiff demurred to the answer, on the ground that it did not state facts sufficient to constitute a defence.   The demurrer was sustained and the answer struck out.

The testimony and the other proceedings were as follows: W. M. Jones, the plaintiff, testified as follows: Q. Look at that paper (presenting paper), a paper given you by Mr. Garlington? A. Yes, sir.   Q. How much has been paid on it?   A. $192. Q. When?   A. Part of it in June, 1892.   Q. That is all that has been paid on it?   A. That is all that has been paid on it. Mr. Simpson: Have we the right to ask Mr. Jones any questions?   By the Court: I don't know; you have no answer in; I don't know that there is any defence for you.   Mr. Simpson: Your honor rules we cannot cross-examine him, and prove any reason why he cannot recover on that note?   By the Court: No, sir, you have set up no reason at all.   Mr. Sanders: We have no objection to his asking questions in response to those we have brought out.   As to going into a defence, if he undertakes that, we will object.   Mr. Simpson: I will ask one question: what company was incorporated by the legislature of this State? Mr. Sanders: We object.   Mr. Simpson: Stock in which you sold to Mr. Garlington—what company was that?   Mr. Sanders: We object.   By the Court: The same thing that was sold was the same thing that was bought (to plaintiff's counsel).   Take your verdict (to the jury).   Find out the amount, Mr. Foreman, and sign the verdict.

The jury rendered a verdict for the full amount claimed.

Immediately upon its return, the presiding judge endorsed the following order on the complaint: "An oral demurrer having been interposed to the answer in the within case, and the same having been sustained, and it having been made to appear to my satisfaction, by testimony and by the verdict of the jury, that the amount due to plaintiff by the defendant on the note described in the complaint is $373.65: On motion of attorneys for plaintiff, it is ordered, that the plaintiff have judgment against the defendant for the sum of $373.65, and for the costs and disbursements of this action."

Appellant's first and second exceptions complain of error on the part of the presiding judge: "1. In sustaining the demurrer to defendant's answer and striking same out. 2. In not overruling said demurrer and allowing defendant to offer proof of the allegations in his answer." There were no allegations of fraud or misrepresentation in the answer, but simply that there was failure of consideration. In the case of *Colburn* v. *Mathews*, 1 Strob., 232, Chief Justice O'Neall, in delivering the opinion of the court, uses this language: "That in the sale of an unnegotiable security, there is no implied warranty of either its goodness or money value, is too plain a proposition to require law to sustain it." The answer did not state facts sufficient to constitute a defence, and the presiding judge followed the proper practice in sustaining the demurrer and striking out the answer. *Lessly* v. *Bowie*, 27 S. C., 193. These exceptions are, therefore, overruled.

The third, fourth, and fifth exceptions will be considered together, and are as follows: They complain of error on the part of the presiding judge: "3. In ordering the case tried, after the answer was stricken out, before the jury, and in refusing on such trial to allow defendant to cross-examine witness for plaintiff, or to offer any testimony. 4. In holding that defendant had no right to be heard by testimony or in cross-examining plaintiff's witness, the case was a default case and should have been placed on Calendar 3, and judgment applied for and rendered as in other default cases. 5. In instructing the jury to find a verdict for plaintiff, and not at least

leaving it to the jury to decide upon what amount, if any, was due to the plaintiff."

Section 267 of the Code provides: "Judgment may be had if the defendant fail to answer the complaint as follows: 1. In any action on contract, the plaintiff may file proof of lawful service of summons and complaint on one or more of the defendants, or of the summons, according to the provision of section 151, and that no appearance, answer or demurrer has been served on him. It shall be the duty of the clerk to place all such cases on the default calendar, and said calendar shall be called the first day of the term. When the action is on a complaint for the recovery of money only, judgment may be given for the plaintiff by default, if the demand be liquidated. * * * In all other cases, the relief to be afforded the plaintiff shall be ascertained either by the verdict of a jury or, in cases of chancery, by the judge, with or without a reference, as he may deem proper. The order for judgment in such cases shall be endorsed upon or attached to the complaint," etc. Section 276 of the Code provides: * * * "There shall be three calendars for the Court of Common Pleas, and the clerk shall arrange the causes thereon as follows: Upon Calendar 1 shall be placed all cases and issues to be passed upon by a jury. Upon Calendar 2 shall be placed all cases to be passed upon by the court, including all motions and rules to show cause. Upon Calendar 3 shall be placed all cases where judgments by default are to be taken, and on the opening of the Court of Common Pleas this calender shall be called first in order." Section 279 of the Code provides: "The issues on the calendar shall be disposed of in the following order, unless for the convenience of parties or the dispatch of business the court shall otherwise direct: 1. Issues of fact to be tried by a jury. 2. Issues of fact to be tried by the court. 3. Issues of law."

The foregoing provisions of the Code show that this was not in strictness a default case. There was an answer, although it was held to be insufficient in law. This case could not properly have been placed on Calendar 3, while the answer formed part of the record in the case. When the cause came on for trial, it was found upon the proper calendar, and the Circuit

Judge was right in rendering judgment on that calendar, when nothing else remained to be done in the cause. After the answer was struck out, there was no longer an issue before the court between the plaintiff and defendant; the action was on a complaint for the recovery of money only under a contract, and the demand was liquidated. The plaintiff, therefore, was entitled to judgment, and it was not necessary either to introduce testimony or to submit the case to the jury. The defendant has not been deprived of any right, and cannot complain of error on the part of the presiding judge in doing a nugatory act which was in no respect prejudicial to him. These exceptions are, therefore, overruled.

It is the judgment of this court, that the judgment of the Circuit Court be affirmed.